Next case is Rhodes v. Shultz for assist the Department of Veterans Affairs 063313 and when you're ready Mr. Letts There's bett she might say Good morning One bottle ofwine Let's wait until people get settled There was no pun intended when I said let's wait I'm not taking your honor Please proceed Oh sir You left something? A capsule Oh wow An exhibit Please proceed Mr. Letts May it please the court My name is Jeff Letts and I present the petition to Ms. Roseanne Shultz This case presents three legal issues for the court to consider today The first, whether the failure to obey an order constitutes insubordination The second, what constitutes a direct order And the third, whether agreeing to perform an assignment negates the charge of failure to obey an order Turning to the first issue, whether failure to obey an order constitutes insubordination This court, the Missourians v. Navy, held that failure to obey an order constituted insubordination The court defined insubordination as a potential refusal to obey an authorized order The respondent argues that Missourians was case specific to the facts of that case Under that theory of the case, sometimes the failure to obey an order is insubordination And sometimes it isn't The fact that the court talked about the specifics of that case Does not render anything different to the conclusion that refusal to obey an order is insubordination But why do we Go ahead It was pretty clear that she was told what to do and didn't do it Whether that was accompanied by the word or or not She was told what to do multiple times and declined to do it Well, I think, your honor, that you look at the facts of that case And the close relationship they had The petitioner was trying to dissuade Ms. Martin, the supervisor, from taking a course of action Which she felt was the wrong course of action They met three times and the third time the petitioner agreed to do what she was asked to do But the point is With qualifications Only conditionally agreed And in fact, when her conditions were refused She said, well, it looks like we're at an impasse And that was the direct quote No, your honor No? No, the impasse comment came later that day After she was handed the proposed demotion At the meeting in the morning of June 13th It ended without resolution It was after she was handed the demotion, proposed demotion She said it looks like we're at an impasse But I don't understand The AJ, as I recall The AJ found that Martin had instructed your client to distribute the letters on those two dates Are you here taking issue with that factual finding? No, I'm here taking the legal conclusion This respondent makes a significant distinction Between failure to carry out instructions And failure to obey an order Those two charges are not the same If Ms. Martin had said I instruct you to issue these three letters That is not an order If you look at 2nd appendix 26 and 27 For the failure to obey instructions The level of penalty is an admonishment to a reprimand Not one penny in financial fine However, for the failure to obey an order You've got a situation that goes from reprimand to removal In this case, the petitioner was fined $11,000 Over $11,000 for the rest of her career It is the respondent that makes that distinction And those two charges If you look at the notice of proposed removal 2nd appendix 28 They say it's instruction They don't call it an order The charge is failure to obey an order But on 28, the narrative is failure to follow instructions Ms. Martin's memo of June 13th Talks about failure to follow instructions Ms. Martin in her testimony said I didn't give her an order It's about failure to follow instructions Counsel, is the agency allowed to make up a charge As long as it's in the interest or furtherance of service That is not within the range of penalties For stated offenses in the VA handbook? They can deviate from this If they decided no peanut butter sandwiches on Tuesdays And if that had some legitimate tie to service They would be allowed to do that? If it's not covered by the standard schedule, sure So why can't they similarly say There is an offense of failure to carry out a proper order Which does not involve willfulness or intent? I think Missouri holds that it requires willfulness and intent In Missouri, the board found there was willfulness and intent And then it sort of fell on its way up here But that wasn't an appealed issue As far as I can read the case There was no appeal of whether or not This charge should involve willfulness That was simply found below And it came up here And so we quote that language It would have been a different situation If Missouri had been on point with your case Is intent required or not? And the board found, and we found it was But that's not what was appealed in Missouri It was the penalty only that was appealed I would urge the court to take that into consideration Because of the severity of the penalty When we talk about the various charges Did you appeal the severity of the penalty though? That's the problem I think if you had You'd probably have been in a better situation But the government points out twice in their briefing That you've never appealed the penalty itself Because that's a different thing And the reason we did that, if I'm not mistaken But the charge itself There was never an order issued There was never an order issued There was no doubt that the petitioner Knew her boss wanted her to do something There's absolutely no doubt The judge, the administrative judge Has found that We don't dispute that So are you saying you have to use the word order In the absence of the word order That no one can require someone? No, absolutely not When you're going to charge somebody With failure to obey an order Then you do need to use the word order That is our argument For you to consider here today Because you can lose your job If you don't do it If the failure to obey instructions Which they wrote in In the proposal notice In the memos And on testimony That range of penalty is a But that's for failure I see the difference in the range of penalties Not between order or instruction But between refusal and failure The difference between The comparison that you're making Between the two When you say the first says instruction The other says order The first says failure The second says refusal In this case this is a refusal Correct? In either case The job did not get done I don't see that distinction Whether you fail or refuse It didn't get done And in this case Like I said There was no doubt What the boss wanted her to do But she thought it was a bad idea She thought it was bad management And so she thought it wasn't an order She thought she wasn't really required To do it She did not think it was an order No your honor And what Well what is an order? She didn't think it was an order But she thought She was Did she think she was required To do it? She did not think so She thought the matter Was still in debate Which goes back to So when someone tells you To do something It's not an order Unless You're not required to do it Unless you use the word order in it I think that's the proper approach And I think the reason is Because you can lose your job Over that Under the failure To obey instructions It's an admonishment To a reprimand Under this agency's schedule And on the other hand The order Is the fact That you can get fired In Rosario's and Testament They were fired She was demoted For that If you're going to use that To me And there are three reasons Why you should use The word order One is You need notice The employee needs to know This is now a career decision Now you can have Disagreements all the time But Whether she had adequate Notice Or whether The policy is a question Of fact With a high standard Of review It's not for us To say She didn't Have notice Well If you adopt Our standard Requiring the use Of the word order Then it's an issue Of law Your Honor And that's what I think The clarity One is The notice Issue Were you advised That it was in order You know These two Ms. Martin And Ms. Rose Almost liked each other They got along Very well They discussed Other things They disagreed And they've always Worked them out Ms. You know I think What we talked About earlier When she said I guess We're at impasse After she received The demotion To me If anything That shows her Mindset That she thought They were still Going to work it out And they were At impasse That they had To work it out But if she had said That it was In fact in order Which might Cost you your job I think That makes it Radically different And that's what They didn't do In this case Like I said They wrote it up As filial To carry out Instructions As you know And testified It was not about An order It was about Instructions And there In the agency's Own chart That's a Admonishment To a reprimand But the point is They used The wrong charge I think the Respondent's brief Covered it adequately And talked about You have to prove What you charge Not what the Narrative is And the narrative Is something Different than the charge So if you look at Like I said We talked about Notice of second As a chilling effect How long Can you disagree With your boss Before you're Going to get Removed for failure To obey an order And that's why Notice comes in In this case Like I said They were Fresh with Disagreement There was nothing In it from Ms. Schultz She didn't think It was good management To give these Three employees These letters She thought It was unfair To the employees And she was trying To talk her boss Out of it They went back And forth Several times And yet The third occasion When it wasn't Resolved Then she was With this notice Proposed to demote you There was testimony In there From 43 to 46 About they've had Problems in the past That takes Over weeks To resolve They've disagreed Before They liked each other They got along Very well So you would say She didn't refuse To distribute These things I would say that So why didn't She distribute them She thought It was bad management And unfair To the employees She was told To distribute them She didn't Distribute them And you're saying She wasn't refusing I'm saying It had not been A final refusal In my opinion Because she was Not on notice She had been ordered Which was at the Charge What if it was Refusal To follow instructions Say I bought Into your order Versus instructions Did she refuse To follow instructions I don't think so But I would understand A finding on that Count Like I said In her mind The issue was still alive After the morning Of June 13th And that's why She talked about Being an impasse Later that day When she gets handed A notice They have always Worked things out And they thought She thought It would be worth it Stating word An impasse Doesn't sound like They're going to Keep talking Keeping talking If one were Going to do that The comment Would be Let's talk further And an impasse Sounds final Well that's When she got Proposed a motion That was the message And now it's In writing We propose To demote you That's why she Came to that And you know There's a chilling Effect of How long Can you disagree If you're not Put on notice That this is Now in order Then you know We could have A disagreement I think the matter Is still open Well tomorrow morning I get hit with That notice And propose The motion And I don't think That's fair I don't think That's a basic Notice requirement They charge With failure To obey an order And an order Was never No one ever Used the word Order They've got a Separate charge With failure To follow instructions Which has a Radically different Penalty And because it's That willful And intent The MSPB Did not make A finding That was willful And intentional And if it's An adverse action For refusing To obey an order I think that Has to be in there And I think The series Does that I think we have Your argument Is getting Circular You want to Save Your rebuttal time Yes Mr. Wallach Welcome back Yes Heading from Both sides Of the plate Today Please Please The court We ask That this Court affirm The board's Decision To vote Ms. Schultz For failing To issue The sick leave Warning letters And before I get To all Mr. Lutz's Points Which we disagree With every one of them I would just like To direct The court's Attention To joint Appendix page  In the Administrative Judge's Findings And conclusions Where in Discrediting Completely Ms. Schultz's Testimony Before him He stated That she knew Exactly what Mrs. Martin Wanted her to do She was hiding Behind nuance And fine points And she simply Refused To distribute The letters Right So those findings Your argument Even though There's another statement In the A.J.'s opinion Saying intent Isn't required Even if it is required It's inherent In the findings Of the administrative judge Yes The A.J. May have made These findings A fact Despite himself Considering his Earlier statement But they are Still here And as a matter Of fact That has been Found and supported By substantial Evidence Ms. Schultz Did refuse Intentionally Do you think The word refusal Implies intent I mean Because there Is a difference As Judge Prost Pointed out On pages 26 and 27 Of the Range of penalties For stated offenses And not only Is there a difference Between the word Instruction and order Which may or may not Have any meaning But there's also Something between Failure And refusal Now in this case They both stay Deliberate So both of the ones On this page Would seem to indicate Intent But I could see Failure meaning You just didn't do it I don't know You got busy And so you didn't Prioritize properly So you failed To do something Whereas refusal Is I'm not going To do it I think if I don't particularly Know the thought Process that went Into choosing The words In that particular Table And what the agency Was thinking As far as Whether there was Some sort of Motivational aspect To the choice Of refuse Versus simply fail I think if you Looked in a dictionary What you just summarized You'd find that distinction What was the charge In this case though Exactly? Failure to follow A direct order And so that could At least the charge As charged by the agency That could be Without intent It would be Our position That yes it could be Without intent But the language The specification Below That was the name Of the charge Failure to follow Yes But the language That followed that In the specification Was quite clear Wasn't it About her refusal To follow A supervisor's instruction To use the word Refuse However the case law In this circuit Is also pretty clear In that There's a hierarchy When interpreting Charge and specification That is first Look to the charge And that is What the agency Has to sustain Has to prove If for some reason It's not clear Then you can go To the specification Fill in some blanks But if the charge Is sufficient Which in this case Well frankly It's my view That the specification Is more helpful To the government's Position than the name Of the charge But we can differ on that What's your view Of the word order The argument made That until And unless The word order Is used The employee Is not on notice This is something For which penalty Can derive I think it First Would go against The general principle That the agency Is permitted To be charged With enforcing A certain discipline Within their employment Ranks And that There's a degree Of flexibility Incorporated in that Well you use The word order In the title I mean the charge  To follow a proper order So is it The agency's view That the word order And the word instruction Are synonymous Or interchangeable Well with respect To that I think Is the court Asking A different question My understanding That the Petitioner's argument Was that At the time Of issuing The order Or instruction If the supervisor Doesn't tell Their subordinate I order you To do this It is The agency Is forever Foreclosed From bringing Or sustaining The charge Of failure To follow an order Which seems to me To be a different Proposition than The agency So the question Is if you use The word order To charge or not Well I think The underlying Assumption In that argument That you have to Use the word order Is that there's A difference Between an order Ordering someone To do it And just telling Someone to do it Without using The specific term Order As I think We mentioned In our briefs The case law Here at the board Does not Really address That question And the agency's Don't address That specific question Either but If there had To be a difference Since it is Used in different places An order Might be Something more Along the lines Of You know You are Ordered to Perform a specific Task that has An ultimate goal And you expect That the employee Will be able To get it done Without any Detailed instruction Along the way Whereas Instructions Might be Something Well It's taken The case But in this case They didn't Use the term Order Is that a problem When Ms. Martin Instructed Mrs. Schall She said I didn't order you No I don't think That's a problem Why isn't it A problem It's very clear From the record That Ms. Martin Made it abundantly Clear that this Was mandatory This was expected Of her So an order Is mandatory But instructions Are not That's what We're trying To figure out The difference Because obviously The agency thinks There's a difference In the range Of penalties That ought to apply I mean their handbook Suggests as much So we're trying To figure out That difference And we're struggling Because you used Both words One in the title One in the specification And what was it How do we draw That line We're running On a blank slate Here But to draw I wouldn't draw The line At mandatoriness I would probably Draw the line At The degree of importance Perhaps in the task For example In this case Ms. Schultz Was instructed To distribute The letters There's a number Of ways Isn't that The government's Position that That instruction Was mandatory That she was Mandated to do it She was ordered In terms of the charge To do it And I can imagine There's a number Of ways In an office setting That she might be able To do that She could go To them And hand them Physically to the people She could put them In the interoffice mail She could ask them To come and do this And perhaps An instruction That would go along With that From the supervisor Is for example Don't put it In the interoffice mail Deliver this By hand To the people Sort of Getting into the minutia Of how Yeah but I'm having A problem I think similar To Judge Moore In terms of What you're saying here Because I think In this specification They did refer To what the supervisor Said to Ms. Schultz In other words The whole The order What you call The order As an instruction Yes they did So is it fair To say that At least based On the record Notwithstanding Your comments This morning That the two Were interchangeable She was instructed To do Something And she refused That is the same As her feeling To follow an order I wouldn't agree With that I think there Has to be A distinction Simply because They are different words Order reports More seriousness   As reflected In the penalties The table of penalties That the agency Has published And But in the case Of what the agency Must prove I think It's important To say That the agency Must prove Their first bound To the charge And Which could be Informed by The specification Anything further I would Just like to Briefly address The Nazaris case The proposition That Ms. Schultz Asserts that It stands for Is not A proposition An issue In this case Two different questions The question In that case was Is the severity Of the penalty Imposed Reasonable Here Ms. Schultz Is asking That this court Pretty much Either I would say Write new law Possibly extend The statement In the Nazaris case To require That every time An agency Charges someone With order Automatically That becomes Insubordination Sort of Getting A hop, step And jump Away from The rule That you have To prove What's in the charge Now Every time Someone said Every agency Official is going To have to Understand That if they're In a charge Order Now We have to What really Is insubordination So there's Something else Here And it's A sea change From the law That has gone Beforehand Aside from that And calling The court's attention To the Administrative Judge's findings That she did Act intentionally We ask that You confirm your vote One never Gets Adverse points For not using up All your time Thank you very much Mr. Wallack Mr. Letts Has a little time Yes, Your Honor When talking About Nazaris It is When they appear To be already Asking That the court Adopt that And be willful Intentional When there's Refusal To obey An order You talked About the Language And the Differences But I think I do not Think it's A new case Law I think It's Affirming The language In Nazaris And because Of that Willful Intentional It goes back To the Notice Issue That was In fact An order And I would like To talk Also about When we talked About her State of mind The judge On joint Exhibit Seven Talks about There was no Need to find That We've talked Already about The fact That when Ms. Schultz Got the Notice Proposal Her reaction Was we're Going to Have a Game pass Which to me Shows that She thought The issue Was still alive And was shocked By it She thought It was Going to be Resolved But it Comes down To when you Talk about An order Under the Agency's Penalty Because it Can be Removal And in Nazaris It was A removal Case It was in Writing And in Phillips Back in 1989 And in Nazaris In 2002 It stated It was an Order Clearly I'm not Quite positive On Biber But in All three Of those Cases It was Actually in Writing And the Standard Reroging Does not Make it Overly In those three Cases though It was in Writing but It didn't Say the word Order Like in Nazaris They didn't Use the word Order Oh it's My reading They did Judge Really Yes and Phillips Was definitely In writing It was on February 20th And had Until March 2nd To provide Some receipts For a credit Card issue But my reading Of Nazaris It was not only In writing When it got To the ship But the Captain And the Chief mate Both said It's an Order To the Employee So I Believe it Was and To me That argued Formality Of the Word Order That issue Once again Goes to notice The one issue We haven't talked About is the Agreement For the Assignment On the morning Of June 13th When the Charge is Failure to Obey an Order She was Going to Issue those Letters The fact She was Going to State her Personal opinion Does not Detract from The fact That she Would have Issued the Order On the morning Of June 13th And that Nullifies the Charge While Expressing Dissatisfaction But The charge To fail To obey An order To me Is nullified When she Said I Will do That But I'm going to tell them The charge Didn't include June 13th The charge Was for her Failure to do so On June 6th And June 8th Do you Dispute that she Failed to do so On June 6th And June 8th She hadn't done it  Days finished No, your Honor But I Think When given The instructions She didn't Comply She did Not comply By the end Of June 8th No But to me It's disingenuous For the government To make With you On June 6th June 8th June 13th To talk About issuing Letters Have an Agreement On June 13th And then Ignore June 13th When you Write up The charges They didn't Have an Agreement On June 13th Their supervisors Didn't say That's fine No, they Didn't They rejected That They said That's Unacceptable But the point Is that Negates the Charge of Failing to Obey An order When she Was going To do it And this Gets in Your issue Of was There a delay Or refusal She was Going to do That that Way on June 13th And that's Why They still Need to Obey An order In Certainty Of her Refusal Well she Wasn't Refusing She was Going to Do it Now the Respondent Has already Conditional And I Understand That argument But the Point is They Refused To obey An order When she Agreed on The 13th She would Have done It Your time Is up It is in Order to Conclude this Hearing We'll take The case On Revisal All rise The honorable Court is adjourned Until this Afternoon At 2